DECISION AND JUDGMENT ENTRY
On December 15, 1999, a Sandusky County Grand Jury handed down a seven count indictment, charging appellant, Russell E. Glenn, with two counts of rape and five counts of sexual battery. Each of the counts alleged sexual conduct between the forty-seven year old defendant and his ten year old "granddaughter."
Appellant pled not guilty and the matter proceeded to trial. However, following the commencement of the trial, in a plea agreement with the state, appellant elected to withdraw his initial plea and enter a guilty plea to a single count of attempted rape, a second degree felony.
The trial court accepted the guilty plea, ordered a presentence investigation, and set the matter for sentencing. Eventually, the court, finding that, "* * * sentencing [appellant] to the least sentence, or even, indeed, several of lesser sentences, would be inappropriate, would demean the seriousness of the offense, and would not protect the public from future criminal activity," imposed a seven year term of imprisonment. It is from this sentence that appellant now appeals.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
In two assignments of error, appellant complains that: 1) the trial court did not comply with the statutory sentencing requirements of R.C.2929.11 et seq., and 2) the court abused its discretion in imposing the maximum sentence on appellant.
 I.
In his second assignment of error, appellant maintains that the court should not have imposed the maximum sentence on appellant. R.C.2929.14(A)(2) permits a sentencing court to impose terms of two, three, four, five, six, seven or eight years for a second degree felony. Therefore, the trial court did not sentence appellant to the maximum sentence and no statutory duty to give written or oral reasons for such sentencing arose. See
R.C. 2929.19(B)(2)(d).
Appellant had not previously been sentenced to imprisonment, so the court was required to impose a minimum sentence or enter a finding that to do so would demean the seriousness of the offense or does not adequately protect the public. R.C. 2929.14(B). The court made the requisite statutory finding, which is well supported by the record. Accordingly, appellant's second assignment of error is not well-taken.
 II.
In his first assignment of error, appellant complains that the trial court failed to follow the statutory sentencing procedures. Specifically, appellant asserts that, although R.C. 2929.12(B) requires a sentencing court to consider eight factors when determining that an offender's conduct is more serious than the norm, the court only mentioned three of these factors. Moreover, appellant insists, the court failed to analyze four factors in R.C. 2929.12(C) in determining whether defendant's conduct might be less serious than normal.
R.C. 2929.13(F)(2) makes mandatory a term of incarceration for a defendant convicted of forcible rape or attempted rape of a victim under the age of thirteen. R.C. 2929.12 provides guidance for a sentencing court, "[u]nless a mandatory prison term is required by [R.C. 2929.13(F)]." Consequently, R.C. 2929.12 is inapplicable to this offense. Moreover, there is nothing in R.C. 2929.12 which requires a sentencing court to enumerate its considerations under this statute. It need only recite its findings. See State v. Edmonson (1999), 86 Ohio St.3d 324, 326-327. Indeed, for any second degree felony, the court must provide reasons if it does impose a prison term. R.C. 2929.19(B)(2)(b).
As we previously discussed, a defendant who has not had a prior prison sentence imposed should generally be sentenced to the shortest term. However, this directive may be overcome if the court finds that such a sentence would demean the seriousness of the offense or fail to adequately protect the public. R.C. 2929.14(B). The statute requires only such a finding, not that the sentencing court state its reasons. See Edmonson, supra. In this case, the trial court satisfied the statutory requirements. Accordingly, appellant's first assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/l/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski, P.J., CONCUR.